## HARRIET MORGAN v. MICHAEL HIGGINS et als.

FORCIBLE ENTRY ACTION—A DEED AS EVIDENCE OF POSSESSION.—Where in a forcible entry action the plaintiff, after introducing evidence tending to show an actual possession of the demanded premises by one C. up to the time of the alleged forcible entry, introduced in evidence, against the defendant's objection thereto, a deed to the premises from C. to plaintiff, dated one month prior to said entry, for the avowed purpose of showing that at the time of said entry the apparent possession of the premises by C. was the possession of plaintiff; *Held*, first, that there was no error in admitting the deed; and, second, that the fact sought to be established by the deed might properly have been proven by parol evidence.

EVIDENCE OF POSSESSION IN FORCIBLE ENTRY ACTION.—In forcible entry actions, evidence concerning the possession of the *locus in quo* must, to be relevant, be such as to connect the party asserting the same with the actual possession at the time of the alleged forcible entry.

NEW TRIAL—CONFLICT OF EVIDENCE.—On appeal from an order denying a new trial, this Court will not in any case disturb the judgment because not supported by the evidence where there was a substantial conflict in the evidence.

APPEAL from the County Court of the City and County of San Francisco.

This was an action for the restitution of a fifty vara lot in the City and County of San Francisco, brought under the Forcible Entry Act of 1866. (Stats. 1865-6, p. 768.) The complaint averred the actual and peaceable possession, and lawful right to the possession of said lot by the plaintiff on the 31st day of August, 1866, and long prior thereto; that on said day the defendants forcibly entered upon said lot and expelled the plaintiff therefrom. In another count of the complaint it was averred that while on said day the plaintiff, being in the actual, peaceable, and lawful possession as aforesaid, was temporarily absent from said lot, the defendants unlawfully entered thereon, and thereafter by menaces and threats of violence, and with strong hand, unlawfully held and kept possession of the same. The answer denied all the averments of the complaint except the possession of the lot by the defendants, which was justified.

At the trial the plaintiff introduced evidence tending to prove that on the 31st day of August, 1866, one A. J. F.

Cordes was in the actual and peaceable possession of said lot, and had continuously held such possession for more than one year next before said day; and that on and after July 24th, 1866, (being the date of the deed from said Cordes to the plaintiff, which is referred to in the opinion of the Court,) said Cordes held possession as aforesaid, as the agent of the plaintiff. On the part of the defendants evidence was introduced tending to prove in them a possession of said lot during the period aforesaid. They also proffered the proof mentioned in the opinion of the Court, which was rejected under the plaintiff's objection thereto, on the ground of immateriality. The plaintiff had judgment, and the defendants appealed therefrom, and from an order denying their motion for a new trial.

The other facts are stated in the opinion of the Court.

*Eugene B. Drake*, and *R. W. Hent*, for Appellants.

*Geo. W. Tyler*, for Respondent.

By the Court, RHODES, J.:

After the plaintiff had introduced evidence tending to show the actual possession of the premises by the witness Cordes, and that such possession continued in Cordes to the time of the alleged forcible entry, he introduced in evidence the deed of Cordes to plaintiff, for the purpose of showing that at the time of the alleged forcible er try the apparent possession of the witness was the possession of the plaintiff; but it was not offered for the purpose of showing title in the plaintiff. There was no error in its admission for the purpose for which it was offered, though the fact might have been, and, indeed, was proven by parol evidence.

There was no error in overruling the motion for a nonsuit, as there was evidence tending to prove every material allegation of the complaint.

The formal offer of the defendants to prove that O'Calla-

ghan and his grantor had the actual, exclusive and peaceable possession of the premises from 1854 to 1865 was properly rejected. The evidence which was introduced shows that during the latter portion of that period O'Callaghan was in the actual possession, but such evidence, as well as that embraced in the offer, did not tend to prove his actual possession in August, 1866, the time of the alleged forcible entry, which was subsequent to O'Callaghan's death.

The remaining ground of the motion for a new trial, which, though stated as an error of the Court, is in substance that the evidence is insufficient to justify the decision, because it shows that the actual, exclusive and peaceable possession was in the executors of O'Callaghan. Upon this point the conflict in the evidence is of so apparent and substantial a character, that we would not be justified in disturbing the decision, whichever way it might have been rendered.

Judgment affirmed, and remittitur directed to issue forthwith.

CROCKETT, J., dissenting:

I dissent.

37   61
94   233
94   562

37   61
115  130

37   61
122  82

37   61
127  26